Dear Senator Bass:
This is in response to your request for an opinion on the following questions:
 1) Is a corporation organized under chapter 354, RSMo, considered a "business enterprise" as the term is used in section 332.021.2, RSMo Supp. 1982. 2) If Dental Services Inc. is so considered, does membership on the Dental Board and the Board of Directors of Dental Services constitute a violation of section 332.021.2, RSMo Supp. 1982.
The history of Missouri Dental Service, Inc., is stated as follows at pages 2 and 3 of the Division of Insurance Report of Examination as of December 31, 1982:
 The inception of Missouri Dental Service, Inc. was in 1958 and it received a not-for-profit corporate charter from the Missouri Secretary of State in 1969. Application to do business as a Health Services Corporation was made and a certificate of authority was granted them in 1974 by the Missouri Division of Insurance. The Corporation continues to operate under Chapter 354 of the Revised Statutes of Missouri.
 The original offices were in Jefferson City, Missouri and the present facilities have been occupied since 1975.
 The Corporation has had a joint underwriting agreement with Blue Cross Hospital Services, Inc. since 1970. This document covers numerous areas of responsibility and service. In addition, it provides the guideline[s], subject to annual review, for the allocation of premiums, claims and expenses in the manner of a pooling agreement. Since 1981, Missouri Dental Service, Inc. has shared twenty percent of the underwriting income and underwriting deductions while Blue Cross Hospital Service participates at the rate of eighty percent. This agreement is currently being reviewed by both parties.
 To provide dental service to the group subscribers, the Corporation enters into a formal agreement with eligible dentists willing to join. This agreement establishes the rights and liabilities and rules and regulations of this agency relationship and it may be cancelled by either party. The Corporation indicates that over 90% of the practicing dentists in Missouri participate.
 The Corporation has become the claims processing center for the new Delta Dental Plan of Arkansas; additionally MDS provides underwriting, accounting and executive services on a reimbursed cost basis.
Section 354.025, RSMo 1978, states:
 A health services corporation may be organized for the purposes of establishing and operating a voluntary, nonprofit plan or plans under which hospital care, medical-surgical care, and other health care and services, or reimbursement therefor, may be furnished to persons who become members or beneficiaries; of acting as agent or intermediary for other health services corporations, for any governmental body or agency, or for other corporations, associations, partnerships or individuals in the field of health care and services; and of research, education or related activity to further objects within the purview of sections 354.010 to 354.175. [Emphasis added.]
Section 354.010, RSMo 1978, states in pertinent part:
 As used in sections 354.010 to 354.175, unless the context clearly indicates otherwise, the following terms mean:
* * *
 (3) "Health services", the health care and services provided by hospitals, or other health care institutions, organizations, associations or groups, and by doctors of medicine, osteopathy, dentistry, chiropractic, optometry and podiatry, nursing services, medical appliances, equipment and supplies, drugs, medicines, ambulance services, and other therapeutic services and supplies;
 (4) "Health services corporation", any not for profit corporation heretofore or hereafter organized or operating for the purposes of establishing and operating a non-profit plan or plans under which prepaid hospital care, medical-surgical care and other health care and services, or reimbursement therefor, may be furnished to a member or beneficiary; [Emphasis added.]
Section 332.021.2, RSMo Supp. 1982, states:
 Any person other than the public member appointed to the board as hereinafter provided shall be a dentist who is registered and currently licensed in Missouri, is a United States citizen, has been a resident of this state for one year immediately preceding his appointment, has practiced dentistry for at least five consecutive years immediately preceding his appointment, shall have graduated from an accredited dental school, and at the time of his appointment or during his tenure on the board has or shall have no connection with or interest in, directly or indirectly, any dental college, university, school, department, or other institution of learning wherein dentistry is taught, or with any dental laboratory or other business enterprise directly related to the practice of dentistry. [Emphasis added.]
Section 332.071, RSMo 1978, states:
 A person or other entity "practices dentistry" within the meaning of this chapter who:
 (1) Undertakes to do or perform dental work or dental services or dental operations or oral surgery, by any means or methods, gratuitously or for a salary or fee or other reward, paid directly or indirectly to him or to any other person or entity;
 (2) Diagnoses or professes to diagnose, prescribes for or professes to prescribe for, treats or professes to treat, any disease, pain, deformity, deficiency, injury or physical condition of human teeth or adjacent structures or treats or professes to treat any disease or disorder or lesions of the oral regions;
 (3) Attempts to or does replace or restore a part or portion of a human tooth;
 (4) Attempts to or does extract human teeth or attempts to or does correct malformations of human teeth or jaws;
 (5) Attempts to or does adjust an appliance or appliances for use in or used in connection with malposed teeth in the human mouth;
 (6) Interprets or professes to interpret or read dental radiographs;
 (7) Administers an anesthetic in connection with dental services or dental operations or dental surgery;
 (8) Attempts to or does perform or do any preventive, remedial, corrective, or restorative dentistry or dental service or dental operation in the human mouth;
 (9) Undertakes to or does remove hard and soft deposits and stains from or polishes natural and restored surfaces of teeth;
 (10) Uses or permits to be used for his benefit or for the benefit of any other person or other entity the following titles or words in connection with his name: "Doctor", "Dentist", "Dr.", "D.D.S.", or "D.M.D.", or any other letters, titles, degrees or descriptive matter which directly or indirectly indicate or imply that he is willing or able to perform any type of dental service for any person or persons, or uses or permits the use of for his benefit or for the benefit of any other person or other entity any card, directory, poster, sign or any other means by which he indicates or implies or represents that he is willing or able to perform any type of dental services or operation for any person;
 (11) Directly or indirectly owns, leases, operates, maintains, manages or conducts an office or establishment of any kind in which dental services or dental operations of any kind are performed for any purpose; but this section shall not be construed to prevent owners or lessees of real estate from lawfully leasing premises of those who are qualified to practice dentistry within the meaning of this chapter;
 (12) Constructs, supplies, reproduces or repairs any prosthetic denture, bridge, artificial restoration, appliance or other structure to be used or worn as a substitute for natural teeth, except when one not a registered and licensed dentist does so pursuant to a written uniform laboratory work order, in the form to be prescribed by the board and copies of which shall be retained by the nondentists for two years, of a dentist registered and currently licensed in Missouri and which said substitute above described is constructed upon or by use of casts or models made from an impression furnished by a dentist registered and currently licensed in Missouri;
 (13) Attempts to or does place any substitute described in subdivision (12) above in a human mouth or attempts to or professes to adjust any substitute or delivers any substitute to any person other than the dentist upon whose order the work in producing the substitute was performed;
 (14) Advertises, solicits, or offers to or does sell or deliver any substitute described in subdivision (12) above or offers to or does sell his services in constructing, reproducing, supplying or repairing the substitute to any person other than a registered and licensed dentist in Missouri;
 (15) Undertakes to do or perform any physical evaluation of a patient in his office or in a hospital, clinic, or other medical or dental facility prior to or incident to the performance of any dental services, dental operations, or dental surgery. [Emphasis in original.]
Prior to the use of the words "other business enterprise" in Section 332.021.2, RSMo Supp. 1982, Section 332.290.1, RSMo 1959, used the words "dental supply business". Obviously, by substituting the words "other business enterprise" for "dental supply business", the General Assembly intended to expand the scope of the eligibility and qualification requirements for membership on the Missouri Dental Board. It is also obvious that a prepaid dental care benefit plan that contracts with ninety percent of Missouri dentists is an enterprise. The issues are: (1) whether a not-for-profit corporation is a business enterprise, and (2) whether a health services corporation providing prepaid dental services is directly related to the practice of dentistry.
In Helvering v. Jewel Mining Co., 126 F.2d 1011, 1015 (8th Cir. 1942), the court stated: "Inherent in the concept of a business enterprise is the idea of an investment of capital, labor, and management in an undertaking for profit." (Emphasis added.) In Williams v. Joyce, 4 Or. App. 482, 479 P.2d 513, 526
(1971), the court stated:
 We construe "business enterprise" for the purpose of this statute as it is defined in Black's Law Dictionary (4th ed. 1951):
 "Investment of capital, labor and management * * * for profit * * *."
 We construe the use of the words "business" and "business enterprise" as meaning to exclude from the ambit of the Act those persons dealing in or with real property for reasons other than profit. . . . . [Emphasis added.]
Profit motive is an essential ingredient of a business enterprise. Because Missouri Dental Service, Inc., is a not-for-profit corporation, we believe that it is not a business enterprise. We reserve for future determination what constitutes a "direct" relationship between a business enterprise and the practice of dentistry.
CONCLUSION
It is the opinion of this office that Missouri Dental Service, Inc., a not-for-profit corporation doing business as a health services corporation, is not a business enterprise for purposes of Section 332.021.2, RSMo Supp. 1982.
Very truly yours,
 JOHN ASHCROFT Attorney General